# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

| | |
|---|---|
| **Abdul K. Hassan, Esq.** | Tel: 718-740-1000 |
| Email: abdul@abdulhassan.com | Fax: 718-740-2000 |
| *Employment and Labor Lawyer* | Web: www.abdulhassan.com |

**August 17, 2022**

**Via ECF**

Hon. Valerie Figueredo, USMJ
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

### Re: Barrett v. R.Y. Management Co. Inc.
### Case No: 22-CV-00737 (LGS)(VF)
### Motion for Settlement Approval

Dear Magistrate-Judge Figueredo:

    My firm represents plaintiff Alice Barrett ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and her counsel – the basis for the 1/3 contingency fee.

    The parties have consented to Your Honor's jurisdiction. (See ECF No. 36).

    At the outset, I will address an issue that is not uncommon in FLSA cases including this one – the extent of the employer's involvement in the motion for settlement approval. Here, both sides join in the position that the settlement should be approved as fair and reasonable to Plaintiff – but Plaintiff writes separately in support of the motion. In summary, because the primary function under *Cheeks* is to protect the Plaintiff from the Defendant in terms of improper waiver, overreaching, undue influence, etc., courts want to hear first and foremost from the Plaintiff and it would be totally inconsistent with *Cheeks*, to allow the employers to write the Plaintiff's motion or for the Plaintiff to only submit a motion that the employer approves of or to allow the employer to reach/overreach into the Plaintiff's motion papers. This is especially so after the Second Circuit's recent decision in *Samake*, extending and reaffirming *Cheeks* and its restrictions while reminding everyone that "Cheeks is binding precedent" and must "retain" its "vitality."

1

This issue is not isolated in the context of *Cheeks*. In this regard, and as judges often remind parties, the Court's primary function under *Cheeks*, the FLSA and U.S. Supreme Court precedents such as *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946)-upon which *Cheeks* is based, is to protect the Plaintiff from the Defendant - not the other way round.

More specifically, the Court's primary function under *Cheeks* is to ensure that there is no overreaching by the employer and that there is not an improper waiver of FLSA protected wages and rights in favor of the employer. In *Cheeks*, the Second Circuit upheld a lower court order which required a showing that the settlement was not "a mere waiver of statutory rights brought about by an employer's **overreaching**" See *Cheeks v. Freeport Pancake House, Inc.,* 12-CV-4199, ECF No. 17(EDNY). See also *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207 (2d Cir. 2015)("the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the **disparate bargaining power** between employers and employees"); *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945)(invalidating settlement agreement that improperly waived FLSA wages/rights in favor of employer), and *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 66 (1946).

Therefore, the best practice and the gold standard is for the Plaintiff to explain through a motion to the Court why the settlement is reasonable and fair to her under the FLSA and *Cheeks/Samake*, without interference or overreaching from the Defendant. Obviously, the Defendant can make its own submission with its own views. Notably, however, it is extremely rare for a defendant to make a submission after we have made a motion –this is because we also highlight the denial of liability and summarize defendant's position in a balanced manner–and also because many defendants generally believe it is in their interests to reserve arguments. In addition, trying to gain the approval or consent of the defendant where the parties have different underlying views and interests, can be a difficult and time-consuming task, especially when there is an impending court deadline.

Obviously, where the central concern is employer overreaching, the employer should not be allowed to reach into the Plaintiff's motion papers. In fact, we have had situations where the employer wanted to write the plaintiff's motion or wanted plaintiff to write only what the defendants consented to and approved of – which, once again, would be totally inconsistent with the concerns under *Cheeks* and the FLSA about employer overreaching, improper waiver in favor of the employer, imbalance in bargaining power, conflicts of interests, etc. As such, it should be made clear that a motion for approval of an FLSA settlement should never be subject to the approval or consent of the employer from whom the courts must protect the plaintiff.

The claims are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information.

Based on the allegations in the complaint, Plaintiff is owed unpaid overtime wages of approximately $1,098. Plaintiff was employed by Defendant from on or about March 7, 2021 to on or about October 15, 2021. The complaint in this action was filed on January 27, 2022. (See ECF No. 1). Assuming Plaintiff prevails on her wage notice and wage statement claims she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense. It is Defendant's position that Plaintiff was correctly compensated for all hours worked. Defendant also disputes the work hours alleged by Plaintiff. Given the risks faced by both sides, the parties agreed to settle as reflected in the settlement agreement.

The total settlement amount between Plaintiff and Defendant is $16,125. Under the settlement, Plaintiff is due to receive $10,436, after costs of $471 and a 1/3 contingency fee of $5,218. (See Ex. 1 ¶ 1(a)(i-iii)). See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Protection Inc.,* 948 F. 3d 593, (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel are governed by the retainer agreement and not by statutory fee-shifting provisions).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $5,218, plus $471 in filing ($402), and service ($70), costs. (See Ex. 1 ¶ 1(a)(i-iii)).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Harper v. Princeton International Properties Corp. et al*, 22-CV-01677 (Judge Netburn, SDNY June 24, 2022)(Approving a 1/3 contingency fee of about $14,819 under *Cheeks*); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Caltempa Molina v. Buena Vista Tortillas Corp. et al*, Case No. 20-cv-04925 (Judge Parker - January 4, 2021) (approving 1/3 fees of $11,466 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Bocanegra v. First Management Corp. et al,* Case No. 18-cv-00658, ECF No. 41, (Magistrate-Judge Pollak – June 14, 2019)(approving a 1/3 contingency fee of $19,772 under *Cheeks*); *Shamsundar v. FCS Grp. LLC*, No. 18CV2514KAMLB, 2019 WL 3716198, at 4 (E.D.N.Y. May 22, 2019)("Plaintiff's counsel seeks $19,012 (or 33%) of the total settlement award as attorney's fees after reimbursement of $963 in costs."); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032

under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks); *Castillo v. Cranes Express Inc. et al*, Case No. 18-CV-01271 (PKC)(LB)(Magistrate-Judge Bloom's R&R – December 12, 2018)(approving a 1/3 contingency fee of $23,079 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the FLSA wages claimed and represents a fair compromise in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully Submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff Lambert Fritz*

**Cc: Defense counsel via ECF**