## SETTLEMENT AGREEMENT, RELEASE, AND WAIVER

This Settlement Agreement, Release, and Waiver between Alice Barrett (the "Employee"), on the Employee's behalf and on behalf of the Employee's heirs, executors, administrators, successors, and assigns, in their respective capacities as such (collectively, "Releasor"), and R.Y. Management Co., Inc. (the "Employer"), is entered into between the foregoing parties with the following understandings:

**WHEREAS**, Employee was employed by Employer;

**WHEREAS**, on or about January 27, 2022, Employee commenced an action against Employer in the United States District Court for the Southern District of New York (Case 1:22-cv-00737-LGS) (the "Action," and the United States District Court for the Southern District of New York, the "Court");

**WHEREAS**, Employer denies having engaged in any wrongdoing, violation, or unlawful activity of any kind and, in particular, denies the allegations set forth in the Action; and

**WHEREAS**, Employee and Employer (collectively, the "Parties and each, a "Party") have, either directly or through representatives, engaged in substantial negotiation and now wish fully and finally to settle any and all wage and hour disputes among them, actual or potential, through a release of claims against Releasees and the other promises contained herein.

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties enter into this Settlement Agreement, Release, and Waiver ("Agreement"), and agree as follows:

1. <u>Payment</u>.

(a) Employee hereby agrees that, in consideration of the promises and obligations of Employee set forth in this Agreement, including, but not limited to, the with-prejudice dismissal of the Action and the full and final release of the claims described in Paragraph 2 below, Employee will accept, on her behalf and on behalf of Releasor, the total gross amount of Sixteen Thousand, One Hundred Twenty-Five Dollars ($16,125.00) (the "Payment"), to be allocated as follows:

(i) Within thirty (30) days after the Effective Date of this Agreement, Employer shall pay to Employee the total gross amount of Five Thousand Two Hundred Eighteen Dollars ($5,218.00), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2. This sum shall be remitted by Employer to Employee in the form of a check made payable to "Alice Barrett." *[initialed: ABarrett]*

(ii) Within thirty (30) days after the Effective Date of this Agreement, Employer shall pay to Employee the total gross amount of Five Thousand Two Hundred Eighteen Dollars ($5,218.00), to be reported on an IRS Form 1099-MISC (Box 3). This sum shall be remitted by Employer to Employee in the form of a check made payable to "Alice Barrett." *[initialed: ABarrett]*

(iii) Within thirty (30) days after the Effective Date of this Agreement, Employer shall pay to counsel for Employee the total amount of Five Thousand Six Hundred

Eighty-Nine dollars ($5,689.00), representing a 1/3 contingency fee ($5,218.00), plus costs ($471.00), to be reported on an IRS Form 1099-MISC (Box 10). This sum shall be remitted by *ABarrett* Employer to counsel for Employee in the form of a check made payable to "Abdul Hassan Law Group, PLLC."

        (iv)    The payments above shall be sent by overnight delivery to the office of Employee's counsel, Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

        (v)    If Employer fails to make the Payment in the time and manner set forth in this Paragraph 1, Employee or her counsel shall give Employer written notice of said default in accordance with the provisions of Paragraph 5 of this Agreement. Employer shall have ten (10) days from receipt of such notice of default to cure the default. If Employer fails to cure the default within ten (10) days of receipt of the notice of default, Employee shall have the right to a judgment against Employer in the amount of Twenty-Four Thousand One Hundred Eighty-Seven Dollars ($24,187.00) less any monies paid by Employer at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment in favor of Employee and his counsel. If Employer makes the Payment set forth in this Paragraph 1, this Paragraph 1(v) shall automatically become null, void, unenforceable, and without effect, in its entirety.

    (b)    Employee shall indemnify and hold harmless Releasees as to the portion of taxes Employee is legally responsible for based on the Payment under this Agreement.

    (c)    Employee acknowledges that the Payment encompasses and satisfies in full any and all outstanding wages which may be due to Employee, including hourly wages, salary, overtime wages, spread of hours payments, commissions, bonuses, equity-related compensation, compensation for accrued or earned paid time off, compensation for accrued or earned vacation time, compensation for accrued or earned sick time, damages, and other forms or categories of compensation, whether arising under the Fair Labor Standards Act, the New York Labor Law, and/or any other federal, state, or local statutes, orders, laws, ordinances, regulations, or the like, or case law, regarding the payment of wages to employees. As such, Employee acknowledges that the Payment constitutes payment in full in connection with, and thereby extinguishes, any of Releasor's existing or potential claims under the Fair Labor Standards Act and the New York Labor Law for all unpaid wages and compensation, penalties, liquidated damages, and attorneys' fees. Employee further acknowledges and agrees that (i) the Payment is adequate consideration for all of the terms of this Agreement, and (ii) any monetary or other benefits other than the Payment which, prior to the execution of this Agreement, Employee may have earned or accrued or to which Employee may have been entitled, have been paid, or such payments or benefits have been released, waived, or settled by Releasor pursuant to this Agreement.

    2.    <u>Release and Waiver of Claims</u>.

**THIS PARAGRAPH PROVIDES A RELEASE AND WAIVER OF WAGE AND HOUR CLAIMS EMPLOYEE MAY HAVE AGAINST EVERY PERSON AND ENTITY INCLUDED WITHIN THE DESCRIPTION BELOW OF "RELEASEES." BEFORE EMPLOYEE SIGNS THIS AGREEMENT, EMPLOYEE MUST READ THIS ENTIRE**

Doc ID: 2f8354adc772af0574123ff12fd82614c1c47933

**PARAGRAPH 2 CAREFULLY, AND MAKE SURE THAT EMPLOYEE UNDERSTANDS IT FULLY.**

In consideration of the Payment, Employee, on Employee's behalf and on behalf of Releasor, unconditionally releases Employer, as well as each of Employer's current and former owners, principals, founders, officers, directors, partners, executives, investors, advisors, parents, affiliates, subsidiaries, related entities, interested parties, consultants, agents, managers, and employees (each, as applicable), and the heirs, executors, administrators, successors, and assigns of all of the foregoing (collectively, "Releasees"), and Employee hereby waives and/or settles, with prejudice, the wage and hour causes of action which are set forth in the Action, and any and all other wage and hour causes of action, suits, controversies, charges, liability, claims, or demands, known or unknown and which Employees ever had, now have, or shall or may have against Releasees as of the date of Employees' execution of this Agreement. Excluded from this Agreement and Release are claims other than wage and hour claims, including claims alleging that the termination of Employee's employment with Employer was unlawful.

3.  Covenant Not to Sue.

(a)  Employee represents and warrants that, other than the Action, which is rendered null, void, and dismissed with prejudice upon Court approval of this Agreement, Employee has not filed or commenced and is not otherwise a party to, any complaints, claims, actions, or proceedings of any kind against any of the Releasees with any federal, state, or local court or any administrative, regulatory, or arbitration agency or body that are in any way related to any of the claims released in Paragraph 2 hereof. Employee acknowledges that, in the event such complaints, claims, actions, or proceedings have been filed, this Agreement shall render them null, void, and dismissed with prejudice, and Employee hereby expressly waives her right to pursue them in any manner. To the fullest extent permitted by law, Employee agrees not to commence, maintain, or prosecute any action or proceeding in any court, agency, or other forum against the Releasees with respect to any claims released in Paragraph 2 hereof up to and including the date on which Employee shall have executed this Agreement.

(b)  Notwithstanding the foregoing provisions of this Paragraph 3, this Agreement shall not, and is not intended to, operate to preclude Employee from filing any claims before government agencies, which claims may not, under applicable law, be waived or released by way of this Agreement. However, in the event that any government agency seeks to obtain any relief on behalf of Employee with regard to any claim released and waived herein, Employee covenants not to accept, recover, or receive any monetary relief or award that may arise out of or in connection with any such proceeding.

4.  Non-Admission.

(a)  Employee acknowledges and agrees that Employee is not a "prevailing party" as that term may be construed, defined, or applied under any federal, state, local, or other statute, order, law, ordinance, regulation, or the like, or under case law.

(b)  Neither this Agreement, nor the Payment made hereunder, are intended to be, shall be construed as, or are an admission or concession by any of the Releasees of any wrongdoing or

157746857.1

Doc ID: 2f8354adc772af0574123ff12fd82614c1c47933

illegal or actionable acts or omissions, and each of the Releasees expressly deny that any of them engaged in any wrongdoing or illegal or actionable acts or omissions.

     5.    Notices.  Any notices or transmissions to be given hereunder by either Party to the other may be effected by (a) personal delivery in writing; (b) nationally-recognized overnight delivery service; or (c) electronic mail. Notices shall be addressed to the Parties at the following addresses:

    (a)    If to Employer, to:

Robert A Vaccarello
R.Y. Management Co., Inc.
1619 3rd Avenue
New York, New York 10128
rvac@RYManagement.com

*with a copy to*:

Brian Turoff, Esq.
Perkins Coie LLP
1155 6th Ave
22nd Floor
New York, New York 10036
bturoff@perkinscoie.com

    (b)    If to Employee, to:

Abdul K. Hassan, Esq.
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427
abdul@abdulhassan.com

Any Party hereto may, at any time, change its above-noted contact information by remitting to the other Party hereto, seven (7) days' written notice of such new address to be used for the purpose of this Agreement.

     6.    Entire Agreement, Amendment, and Choice of Law. This Agreement constitutes the sole and complete understanding and agreement between the Parties concerning the subject matter hereof. Except to the extent explicitly set forth herein, this Agreement supersedes any previous agreements and/or understandings, whether formal or informal, and whether written or oral, between Employee and Employer regarding the subject matter hereof. This Agreement may not be amended except in a writing signed by both Parties. This Agreement shall in all respects be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of laws provisions.

     7.    Consent to Jurisdiction. The Court in this action shall retain jurisdiction to handle any disputes arising from this Settlement Agreement.

Doc ID: 2f8354adc772af0574123ff12fd82614c1c47933

8. <u>Successors</u>. For the avoidance of doubt, and without limiting any other provision of this Agreement, the rights, remedies, and protections afforded to Releasees hereunder, including the rights, remedies, and protections set forth in Paragraph 2 herein, shall inure to the benefit of Releasees current and former parents, subsidiaries, representatives, successors, administrators, and assigns, as applicable.

9. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts. The several executed counterparts shall be considered an original and shall be binding on the Parties. Consistent with the provisions of Paragraph 5 hereof, the Parties agree that email executed copies of this Agreement, whether executed and transmitted via DocuSign, PDF, or otherwise, shall be deemed effective and enforceable as originals.

10. <u>Employee's Acknowledgments</u>.

(a) Employee and Employer have carefully read and understand all of the terms of this Agreement, and agree and acknowledges that such terms are fair and reasonable, and are not the result of any fraud, duress, coercion, pressure, or undue influence exercised by or on behalf of Employer/Employer or anyone acting on behalf of or in concert with Employer/Employee.

(b) Employee shall have seven (7) days from the date on which she shall have been presented with a copy of this Agreement to consider whether to sign this Agreement. Employee may unilaterally waive this seven (7) day period at her election. Employee's signature on this Agreement constitutes an express waiver of the seven (7) day period if affixed prior to the expiration of that period. The Parties agree that any revisions or modifications to the Agreement, whether material or immaterial, will not restart this time period. Employee further acknowledges that the foregoing period of time is a reasonable period of time within which to consider her rights and obligations under this Agreement.

11. <u>Effective Date</u>. This Agreement shall become effective on the later of the date on which the Agreement shall have been approved by the Court and the first day on which all signatories hereto shall have duly executed the Agreement (such date, the "Effective Date").

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement, Release, and Waiver.

**ALICE BARRETT**

_/s/ ABarrett_   Date: 08 / 03 / 2022

**R.Y. MANAGEMENT CO., INC.**

By: _/s/_   Date: 8/9/2022

Name: Robert Vaccarello

Title: President

Doc ID: 2f8354adc772af0574123ff12fd82614c1c47933